IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MIGUEL GUTIERREZ,<br><br>Plaintiff,<br>v.<br><br>Nancy Berryhill<br>Acting Commissioner of the Soc. Sec.,<br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>Civil No. 2:17-CV-00971-BSJ<br>Judge Bruce S. Jenkins |

Plaintiff, pursuant to 42 U.S.C. 405(g), 1383(c)(3), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act). After careful review of the entire record, the parties' briefs, the relevant law, and arguments presented at a hearing held on February 15, 2018, the Court FINDS that the decision of the Commissioner should be REMANDED.

## **Procedural History**

Plaintiff Miguel Gutierrez ("Plaintiff") filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on August 5, 2013, alleging disability on September 1, 2013 as amended at hearing (Transcript of Administrative Record "T" at 11). He alleged disability from that time due to residual injuries and conditions from a severe motor vehicle-pedestrian accident on December 18, 2005 (T. 16), resulting in degenerative disc disease of the lumbar spine, spondylolisthesis, and a history of extradural cyst in his thoracolumbar spine, with multiple surgical interventions (T. 14), and resulting in severe chronic bilateral radiculopathies with severe chronic denervation (T. 469, 521), as well as right tibia/fibula fracture with surgical fixation and right leg shortening, as well as right shoulder fracture with degenerative joint disease status post surgery (T. 14).

Plaintiff meets insured status requirements of the Social Security Act through December 31, 2018, and has not engaged in any substantial gainful activity since September 1, 2013, the amended alleged onset date (T. 13). The claims were denied initially on April 28, 2014, at reconsideration on November 12, 2014 (T. 11), and finally in an unfavorable hearing decision dated July 22, 2016, by Administrative Law Judge ("ALJ") Gilbert A. Martinez (T. 8-26).

The ALJ found that the Plaintiff has severe impairments of a history of right tibia/fibula fracture 2005, status post surgical fixation, with right leg shortening; degenerative joint disease and a history of a right shoulder fracture in 2005, status post surgery; and degenerative disc disease, spondylolisthesis, and a history of an extradural cyst in his thoracolumbar spine, status post a laminectomy and excision of the extradural cyst on November 19, 2012, and a L5-S1 fusion on September 11, 2013, concluding that none of these conditions met or medially equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (T. 14).

The ALJ concluded that the Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that he can lift and carry up to twenty pounds occasionally and ten pounds frequently; sit for one hour at a time and stand for thirty minutes at a time; sit a total of about six hours in an eight-hour workday, and stand or walk for a total of four hours in an eight-hour workday; can frequently balance, and can occasionally stoop, kneel, crouch, crawl, or climb ramps or stairs; can never climb ladders, ropes or scaffolds; can never reach overhead with his right upper extremity; can frequently reach overhead with his left upper extremity; can frequently handle, finger, feel or reach in other directions with his bilateral upper extremities; and

must avoid even moderate exposure to hazards such as machinery or unprotected heights (T. 16).

Based on this RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a material handler, heavy, semi-skilled (SVP-3), spray painter I, medium, semi-skilled (SVP-4), cook helper, medium, semi-skilled (SVP-3), and corn popper, heavy, unskilled (SVP2) (T. 24), but is able to adjust to work as a semi-conductor bonder, sedentary, unskilled, and a touch up screener, sedentary unskilled (T. 25).

On July 14, 2017, the Appeals Council denied a request for review, making the ALJ's determination the final agency decision (T. 1). On August 29, 2017, Plaintiff filed his complaint in this case (*Doc. 1*).

## **Standard of Review**

The standard of review for appeal of a Social Security disability determination is whether the final decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Williamson v. Barnhart*, 350 F.3d 1097, 1098 (10th Cir. 2003). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (citations omitted). Further, reversal is also

must avoid even moderate exposure to hazards such as machinery or unprotected heights (T. 16).

Based on this RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a material handler, heavy, semi-skilled (SVP-3), spray painter I, medium, semi-skilled (SVP-4), cook helper, medium, semi-skilled (SVP-3), and corn popper, heavy, unskilled (SVP2) (T. 24), but is able to adjust to work as a semi-conductor bonder, sedentary, unskilled, and a touch up screener, sedentary unskilled (T. 25).

On July 14, 2017, the Appeals Council denied a request for review, making the ALJ's determination the final agency decision (T. 1). On August 29, 2017, Plaintiff filed his complaint in this case (*Doc. 1*).

## **Standard of Review**

The standard of review for appeal of a Social Security disability determination is whether the final decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Williamson v. Barnhart*, 350 F.3d 1097, 1098 (10th Cir. 2003). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (citations omitted). Further, reversal is also

appropriate where the ALJ either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1214 (citing *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

## Analysis

Prior to regulatory changes effective March 27, 2017, it was established under 20 CFR 404.1527(d)(2) that, "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by the medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." Pursuant to SSR 96-2p, even if the ALJ finds that the treating source is not entitled to controlling weight, "treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527...." Those factors included priority of a treatment relationship over an examining or non-examining relationship; length of treatment; supportability; and consistency. This has become known as the "treating physician rule."

Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). Further, this Court may not simply re-weigh

evidence in a light more favorable to the Plaintiff (*see Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007), the Court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo").

However, where the ALJ declines to give controlling weight to a treating source opinion under this "treating physician rule," he must give good reasons for assigned weight that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley v. Barnhart,* 373 F. 3d 1116, 1119 (10th Cir. 2004) (citations and quotation marks omitted). If the ALJ rejects the opinion completely, "he must then give specific, legitimate reasons for doing so" (*Id.*), and the assignment of "little weight" to a medical opinion may be interpreted as "effectively rejecting" it. *Chapo v. Astrue,* 682 F.3d 1285, 1291 (10th Cir. 2012).

In the present circumstance, the ALJ's assignment of weight to treating source opinion is unaccompanied by sufficiently specific and legitimate reasons, necessitating remand for further development.

This is particularly apparent in the ALJ's treatment of opinion evidence from Dr. Gaufin. The record indicates extensive, repeated treatment of Plaintiff by Dr. Gaufin beginning in 2012 and continuing through 2015 (T. 322-333, 341-350, 353-354, 365-366, 400-467). During this period, on June 17, 2014, Dr. Gaufin

completed a functional capacity questionnaire, stating that the Plaintiff had diagnoses of chronic failed back syndrome with surgical fusion; a poor prognosis; symptoms severe enough to frequently interfere with the attention and concentration required to perform simple work-related tasks; the need for unscheduled breaks during an eight-hour workday as often as every fifteen minutes, lasting five-to-ten minutes each; the capacity to sit a total of two hours in an eight-hour workday on a "good day," and stand/walk a total of two hours, also on a "good day"; the need for a job which permits shifting positions at will from sitting, standing or walking; the capacity to lift fewer than ten pounds occasionally or less than 1/3 of an eight-hour workday; and absences from work as a result of his impairments or treatments would occur four or more times a month (T. 402-403).

  The ALJ found Dr. Gaufin's opinions were only entitled to "partial weight' and "little weight" in determining Plaintiff's RFC. As explanation, the ALJ noted (i) that Plaintiff had weakness and atrophy in his right leg and right shoulder since 2005, "but these deficits did not prevent him from working in the past;" (ii) that though Plaintiff's two surgeries to his spine meant he is no longer able to perform heavier kinds of work activity, "the state agency medical consultants and Dr. Leininger concluded that he is capable of performing sedentary work activities on a sustained basis;" and (iii) that the medical evidence does not support Dr.

Gaufin's opinion that Plaintiff "has good and bad days or has to lie down multiple times during the day." (T. 23).

The court finds the ALJ did not provide sufficiently specific, legitimate reasons for such determinations. The ALJ does not explain how Plaintiff's ability to work in the past despite weakness and atrophy in his right leg and right shoulder relate to Plaintiff's spinal condition in 2012 and 2013, which led Plaintiff to have back surgery. Neither does the ALJ explain why the opinion of the state agency medical consultants—who are not treating physicians—and Dr. Leininger that Plaintiff is capable of performing sedentary work activities on a sustained basis is entitled to more weight than Dr. Gaufin's assessment. Finally, the ALJ does not explain in what ways Dr. Gaufin's opinion that Plaintiff has good days and bad days and has to lie down multiple times during the day is unsupported by the medical evidence.

Given the limitations of the ALJ's analysis, the court is without sufficiently specific reasons to justify the ALJ's decision to not follow the treating physician rule. As a consequence, the ALJ's decision is legally insufficient, and it is not the court's place to compensate for those deficiencies with post-hoc reasoning or analysis (see *Ringgold v. Colvin*, No. 15-6145 (10th Cir. Apr. 4, 2016) (Unpublished).

Accordingly, for the reasons stated above, the Court finds that the Commissioner's decision should be remanded for a limited purpose, to address treating source opinion statements under the treating physician rule, with specific and legitimate reasons provided for the assignment of weight, and with a new decision issued in line with and supported by these new findings.

IT IS THEREFORE ORDERED that the Commissioner's decision be REMANDED to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

DATED this 12TH day of March, 2018.

BY THE COURT:

Bruce S. Jenkins
United States District Judge